**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| B.R.B.,<br><br>Petitioner,<br><br>v.<br><br>Warden, STEWART DETENTION CENTER, *et al.*,<br><br>Respondents. | : | Case No. 4:26-cv-1324-CDL-AGH<br>28 U.S.C. § 2241 |

# ORDER

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondents timely filed a return (ECF No. 4) in which they explain that: (1) Petitioner is detained under 8 U.S.C. § 1226(a); (2) he is thus entitled to request a bond hearing before an immigration judge; but (3) Petitioner has not requested a bond hearing. Resp'ts' Return 1, 5-6, ECF No. 4. Respondents consequently ask the Court to deny Petitioner's habeas petition. *Id.* at 6. For the following reasons, the Court defers ruling on Respondents' request and **ORDERS** Petitioner to seek a bond hearing before an immigration judge.

As Respondents concede, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing before an immigration judge. Resp'ts' Return 4-6. However, an immigration judge does not automatically provide a non-citizen in removal proceedings with a bond hearing; instead, the non-citizen must request a bond hearing before an immigration judge either orally or in writing. 8 C.F.R. §§ 1003.19(d); 1236.1(d)(1). Respondents represent that Petitioner has failed in his immigration

proceedings to request a bond hearing—in other words, he has failed to exhaust his available administrative remedies. Exhaustion in immigration habeas proceedings is not jurisdictional, but it is an affirmative defense. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015). Because exhaustion is non-jurisdictional, the Court declines to recommend denial of Petitioner's habeas application at this time and instead, for reasons of judicial economy, provides Petitioner an opportunity to exhaust as explained below.

Petitioner is thus **ORDERED** to respond to Respondents' return **within thirty (30) days**. During that time, Petitioner should file a request for a bond hearing with an immigration judge under 8 U.S.C. § 1226(a) and the applicable regulations. The bond hearing following Petitioner's request need not occur within thirty (30) days of this Order. However, Petitioner must file his request for a bond hearing within thirty (30) days and must notify this Court. Following the bond hearing, or the expiration of the time in which Petitioner must request a hearing, Respondents may file a motion to dismiss or other reply within twenty-one (21) days of Petitioner's response to the return. Alternatively, if Petitioner receives a bond hearing within this time, he may file a voluntary dismissal with the Court instead of a response to Respondents' return.

SO ORDERED, this 6th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE